IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY N. TAYLOR,

   Petitioner,

v.              CIVIL ACTION NO.: CV209-041

DEBRA HICKEY, Warden and
UNITED STATES OF AMERICA,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Taylor ("Taylor"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Taylor has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Taylor was convicted after a jury trial in the Northern District of Illinois of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); being in possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d); and being an armed career criminal, in violation of 18 U.S.C. § 924(e)(1). Taylor was sentenced to a total of 300 months' imprisonment, 5 years' supervised release, a $250 fine, and a $200 special assessment. Taylor filed a direct appeal, alleging that he did not qualify as an armed career criminal. The Seventh Circuit Court of Appeals affirmed Taylor's convictions and sentence.

Taylor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois. In that motion, Taylor alleged that he was not an armed career criminal and that he received ineffective assistance of counsel. The Northern District of Illinois court denied Taylor's motion.

In this petition, Taylor contends that he is "factually innocent" of being an armed career criminal, as defined by § 924(e)(1), because he had not been previously convicted of three (3) violent felonies. (Doc. No. 1, p. 5).

Respondent avers that Taylor's petition should be dismissed. Respondent contends that Taylor has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Respondent alleges that Taylor failed to obtain a certificate of appealability from an appropriate Court of Appeals which would allow Taylor to file a second or successive section 2255 motion. Respondent also alleges that Taylor's petition is untimely.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Taylor has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his conviction and sentence because the Seventh Circuit Court of Appeals "considered a theft from a person as a violent crime, even when the charge clearly showed it was not violent." (Doc. No. 1, p. 7). Taylor also asserts that he filed a motion pursuant to 28 U.S.C. § 2244, which was denied without benefit of Begay v. United States, ___ U.S. ___, 128 S. Ct. 1581 (Apr. 16, 2008), and he had no other option available to him other than filing a section 2241 petition.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where

sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Taylor fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Taylor made this same argument with the Seventh Circuit Court of Appeals on direct appeal and the trial court in his previously-filed § 2255 motion. Simply because these courts denied Taylor's claim does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Taylor has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005)
AO 72A
(Rev. 8/82)

sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Taylor fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Taylor made this same argument with the Seventh Circuit Court of Appeals on direct appeal and the trial court in his previously-filed § 2255 motion. Simply because these courts denied Taylor's claim does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Taylor has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005)

AO 72A
(Rev. 8/82)

(noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Taylor cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Taylor is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

It is unnecessary to address the remaining grounds of Respondent's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Taylor's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE